Graham, Judge,
delivered the opinion of the court.
This case comes on on demurrer to the plaintiff’s second amended petition, demurrers to the original and first amended petitions having been sustained and plaintiff given leave to amend.
It is an action to recover damages for a breach of contract growing out of an alleged misrepresentation.
The plaintiff entered into contract to erect a new headrace and forebay and to do certain excavating in connection with the construction of a new canal at Sault Ste. Marie, Michigan. The places where the dredging was to be done were under water. A part of this dredging was to be done in the dry, and in order to perform it the plaintiff was required by the contract to build a cofferdam around the area where the work was to be done, for the purpose of excluding the water from the outside. After this cofferdam had been erected the water contained within it was to be pumped out and the area dredged in the dry. At the time the contract was executed the defendant was erecting near this area a pier known as the “North West Pier,” which should not be confounded with the new pier called the “ North West Pier ” mentioned in the specifications, the construction of which is provided for in this contract. It was nearing completion, but was not completed until some weeks .after the execution of this contract. The work of erecting it was being done by another contractor. There was no mention in the contract of this *185 pier or of its use for any purpose. The plaintiff waited until this pier was completed and then constructed its cofferdam, making use of this pier as a part of it, and attempted to make the pier water-tight by sheathing it and depositing materials around certain portions of it for the purpose of excluding the water from the area inclosed. The action of the plaintiff in taking'possession of this pier and using it was entirely spontaneous and voluntary and apparently for its own convenience and profit. It was not in any way induced by the defendant.
More than two years prior to the execution of this contract the plaintiff had been a bidder for the erection of this pier and thereby gained knowledge of the specifications for its erection. These specifications clearly indicated that this pier, when erected, would be used as a pier. It was constructed for use as a pier and not as a cofferdam. It was not designed or intended to be water-tight. The specifications, among other things, did not require openings smaller than 4 feet long and 6 inches wide at the base of the pier to be closed. The plaintiff’s bid on it was not accepted and the contract was let to another contractor.
While the plaintiff’s petition avers such conclusions as that it made “ reasonable inquiries and investigations on the site,” and that its officers “personally inspected the conditions,” no facts are stated as to how or of whom these inquiries and investigations were made or what was done by its officers toward inspecting the conditions of the pier. Only these insufficient and inadequate conclusions are averred to indicate diligence in the matter.
Having completed its cofferdam by using this pier, the plaintiff attempted to pump out the water therein as required by the contract, and at once discovered that its efforts to render the pier water-tight had not been successful and that the water poured into the cofferdam as fast as it could be pumped out. It thereupon became necessary to do additional work on the pier as a part of the cofferdam, to employ additional labor and pumping facilities, all of which occasioned delay and expense, to recover damages for which the plaintiff has brought this suit.
*186 The contract contained the following provisions:
“ It is understood and agreed that the quantities given in these specifications are approximately only, and that no claim shall be made against the United States on account of any excess or deficiency, absolute or relative, in the same. No allowance will be made for the failure of a bidder or of the contractor to .estimate correctly the difficulties attending the execution of the work.
. “ It is expected that each bidder will, prior to submitting his bid, visit the site of the work,' examine the local conditions, inform himself as to the accessibility of the work, ascertain the character of the material to be excavated, consult the plans on file in the U. S. Engineer Office at Sault Ste. Marie, Mich., and obtain such available information as will assist him to make an intelligent bid, and the failure of a bidder to make such examination may be held to be sufficient reason for rejecting his bid.
“The contractor must construct and maintain all the necessary cofferdams, furnish suitable and adequate pumping plant, and do all the pumping required to unwater all areas where work is to be done in the dry, and no special payment will be made therefor, the above work and expense being considered as incident to the general work covered by the contract prices of other items. * * *
“ The United States assumes no responsibility whatsoever for loss of life, property, or contractor’s time due to the failure of any part of the cofferdams, dikes, or pumping-plant.”
The plaintiff’s proposal upon which this contract was awarded to it contains the following:
“We make this proposal with a full knowledge of the kind, quantity, and quality of the plant, work, and materials required * *
The plaintiff’s theory of recovery, as stated in the petition, is that it “ assumed and believed, as it had a right to do, that the specifications of February 4, 1908, and the contract of March 23, 1908, had been and were being duly and properly carried out by the contractor then performing the contract for that work. If they had been so carried out, the claimant would have been able to perform under his own contract in the dry such portions of the work as were required by the contract to be done in the dry.”
Again—
“ By reason of the differences found by this claimant from the conditions that would have existed if the work required *187 by the specifications of the previous contract of 1908 had been carried out as thereby required, and the conditions found being different from what were represented in the specifications of the claimant’s contract, in that it was not possible to perform in the dry the excavation named in paragraphs 23 and 25 of the specifications as required to be performed in the dry, the claimant incurred a greatly increased expense in carrying out the work under his contract.”
“ By reason of the conditions encountered being different from what they were represented by the specifications of the contract of 1908, of which specifications the claimant had knowledge at the time of entering into this contract, as well as by reason of the conditions being different from what was represented by the specifications of claimant’s contract, in that the excavation required by its contract to be done in the dry could be done only in the wet and nothwithstanding was required to be so done in the wet by methods applicable to dry excavation, thus causing extraordinary and unusual expenditures not contemplated by either of the contracting parties at the time that the contract was entered into.”
The plaintiff alleges two grounds of misrepresentation, but does not seem to rely upon either of them standing alone, but upon their conjunction as a whole. It is not claimed that standing alone either presents a ground of recovery, but that together they do.
There are no facts presented in the petition which show a misrepresentation in fact or in law. What occurred relative to this pier was that the Government advertised for bids on it and, as usual, had its specifications prepared for the inspection of bidders. The plaintiff bid on the contract, but its bid was not accepted. The bid óf a competitor was accepted. There could arise no misrepresentation in law from the relation of the parties. There was no. obligation growing out of the relation of the parties as to the erection of this pier requiring the defendant to erect it according to the specifications.
The plaintiff’s connection with this matter was in making a proposal in response to the defendant’s request for bids for the proposed work according to certain specifications. There was no statement by the defendant that it would erect this pier as proposed. It did not bind itself to erect it as proposed, or to even erect it at all. It could have rejected the bids and not erected it.
*188 It is the conclusion of the court that the demurrer to the plaintiff’s second amended petition should be sustained and the petition dismissed, and it is so ordered.
Hat, Judge, DowNet, Judge, Booth, Judge, and Campbell, Ohief Justice, concur.